IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

**ROBERT F. THOMPSON, AS PRINCIPAL:**
**BRANCH, THOMPSON, PHILHOURS,**
**WARMATH, PA**                                                                                **PETITIONER**

VS.                                     **CASE NO. 3:08CV00180 JMM**

**UNITED STATES OF AMERICA**                                                              **RESPONDENT**

**ORDER**

Pending before the Court is the United States of America's Motion to Dismiss Robert F. Thompson's Petition to Quash an Internal Revenue Service Summons. For the reasons stated below, the Motion to Dismiss is granted (#5) and the Petition to Quash is dismissed for lack of jurisdiction (#1).

Thompson filed a Petition to Quash a summons directed to him pursuant to 26 U.S.C. § 7602 of the Internal Revenue Code which constitutes a suit against the United States of America.[1] A party cannot sue the United States unless Congress has expressly waived sovereign immunity. *See Kaffenberger v. United States*, 314 F.3d 944, 950 (8th Cir. 2003). Thus, this Court only has jurisdiction to hear the instant petition if sovereign immunity has been expressly waived. *Id.*

---

[1] Thompson's alternative route would have been to appear and challenge the summons before the hearing officer. If his arguments were rejected and he continued in his noncompliance, the IRS would have been forced to commence proceedings in district court at which time, Thompson could have challenged the summons.

1

The United States' sovereign immunity has been expressly waived by a statute which permits a party who is entitled to receive notice of the summons issued to a third-party record-keeper to bring an action to quash the summons. *See* 26 U.S.C. § 7609(b)(2)(A). This is a limited waiver as the notice and right to contest provisions of § 7609(a)(1) do not apply to any summons "served on the person with respect to whose liability the summons is issued." *See* 26 U.S.C. § 7609(c)(2)(A).

Here, Thompson is identified in the summons as the principal for his law firm, and he is asked to bring records of his law firm to aid the IRS regarding a "tax liability or the collection of the collection of the tax liability or for the purpose of inquiring into any offense connected with the administration or enforcement of the Internal revenue laws concerning the person identified above for the periods shown." Pet. Ex. "A". This being the case, Thompson's situation would not fall within the express waiver of sovereign immunity found in § 7609(b)(2).

However, Thompson's pleading states that Internal Revenue Service ("IRS") Agent, Lisa Howard, informed him that "the IRS had formed a new initiative in the interest of national security. This new initiative was that the IRS was targeting law firms by sending Form 8300 compliance letters to attorneys in conjunction with stopping money laundering by terrorists." Pet. at 2. Based upon these statements, Thompson contends that the IRS is attempting to use its power for improper purpose in the form of a "fishing expedition."

In addressing a motion to dismiss, the Court must assume all the allegations are true and draw all reasonable inferences in favor of the plaintiff. *Katun Corp. v. Clarke*, 484 F.3d 972, 975 (8th Cir. 2007). Moreover, the exhibits attached to the complaint are considered part of the complaint. *See Bradford v. Huckabee*, 394 F.3d 1012, 1015 (8th Cir. 2005).

For the purposes of this Motion to Dismiss, the summons has dual purposes and, as such, is more properly characterized as a "standard-issue summons under § 7602, not subject to a motion to quash" pursuant to § 7609(b)(2). *See United States v. Ritchie*, 15 F.3d 592, 597 (6th Cir. 1994).

Based upon the grant of the United States Of America's Motion to Dismiss, the Petition to Quash is dismissed and the stay of the proceedings on the IRS's summons is lifted as of the date of this Order.

IT IS SO ORDERED THIS   23   day of   January  , 2009.

James M. Moody
United States District Judge